# STATE OF FLORIDA v DELNEGRO and STATE OF FLORIDA v. GRUBB

## Case Nos. 87-312CFAES and 87-924CFAES

Sixth Judicial Circuit, Pasco County

June 6, 1988

### APPEARANCES OF COUNSEL

**C. Marie King,** Assistant State Attorney, for appellant.

**James Campbell** for appellee Delnegro.

**Peter Charnetsky,** Public Defender's Officer, for appellee Grubb.

Before COBB, BRYSON, FARNELL, JJ.

## OPINION OF THE COURT

WAYNE L. COBB, Circuit Judge.

### ORDER AND OPINION

This is an appeal from Orders of the trial court suppressing the results of intoxilyzer tests in two DUI cases. In each case, the trial court found that the testing did not substantially comply with HRS regulations because during the tests the intoxilyzer device was set on its two-digit display mode.

Section 316.1932, Florida Statutes, provides that any person accepting the privilege of operating a motor vehicle on Florida's highways consents to an approved chemical test of his breath for the purpose of determining the alcohol content in his blood. Section 316.1934, Florida Statutes, establishes some presumptions of impairment and subsection "(3)" reads as follows:

"A chemical analysis of a person's blood to determine alcoholic content or a chemical analysis of a person's breath, in order to be considered valid under the provisions of this section, must have been performed substantially in accordance with methods approved by the Department of Health and Rehabilitative Services and by an individual possessing a valid permit issued by the department for this purpose. Any insubstantial differences between approved techniques and actual testing procedures in any individual case shall not render the test or test results invalid. The Department of Health and Rehabilitative Services may approve satisfactory techniques or methods, ascertain the qualifications and competence of individuals to conduct such analyses, and issue permits which shall be subject to termination or revocation in accordance with rules adopted by the department."

Rule 10D-42.024(5), Fla. Admin. Code, establishes the approved operational procedure for using a CMI Intoxilyzer, Model 4011AS, which is the machine used in these cases. HRS Form 1033 (1984) instructs the person administering the test to perform two breath tests on each suspect and if the two tests are not within 0.02 percent of each other, a third test should be performed. In these two cases, the machine was set in the two-digit mode during the tests and the test results were .18 and .20 for Delnegro and .11 and .13 for Grubb. A third test was not performed for either defendant.

The defendants argue that to comply with HRS regulations the machine should have been set in the three-digit mode during the testing and if the machine had been set in the three-digit mode it may

104

have demonstrated that the results of the two tests in each case differed by more than 0.02 percent of each other. They argue that failure to set the machine in the three-digit mode during these testings is a substantial difference between the approved techniques and the actual testing procedures.

However, in considering this argument, we are reminded of Abraham Lincoln's comments during the Lincoln-Douglas debates about Judge Douglas' reaction to the Dred Scott decision, when Mr. Lincoln asked retorically:

"Has it not got down as thin as the soup that was made by boiling the shadow of a pigeon that has starved to death?"

In enacting Section 316.1934(3), Florida Statutes, the Florida Legislature first requires that to be valid, tests must be "performed *substantially* in accordance with methods approved by" HRS. (emphasis added). And then in the next sentence the Legislature provides that: "Any *insubstantial* differences between approved techniques and actual testing procedures in any individual case shall not render the test or test results invalid." (emphasis again added). It is pretty obvious from reading this section that the Legislature did not want good tests determined to be invalid or inadmissible by nit-picking construction of the HRS regulations.

First of all, we do not construe the instructions with HRS Form 1033 (1984) to be a part of HRS regulations prescribing the procedure to be used with the CMI Intoxilyzer, Model 40aaAS. We construe those instructions to be merely suggestions.

Secondly, even if the instructions contained on HRS Form 1033 (1984) are considered to be a mandatory part of HRS regulations, we do not believe that (a) those instructions mandate the use of the three-digit mode during testing, or (b) that failure to use the three-digit mode during testing in these two cases would be a "substantial" difference, even if the three-digit mode were to be considered to be mandatory during testing.

The test results in these two cases should not have been suppressed. If defense counsel want to argue this possible "weakness" in the evidence to a jury, they should be permitted to do so. Lay juries know what to do with those kinds of arguments.

We recognize that we are differing with our sister court of the 13th Judicial Circuit in this decision. See *State v. Ploeckelmann,* Appeal #87-5380, Div. D, Thirteenth Judicial Circuit. However, we believe that this kind of judicial straining at statutory construction can only cause legislative and law enforcement consternation and impede justice.

Therefore, the Orders of the trial court suppressing the test result in these two cases are hereby

REVERSED and the case REMANDED to the trial court for further proceedings consistent with this opinion. Bryson and Farnell concur.